UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-1089(DSD/JSM)

Soo Line Railroad Company, a
Minnesota corporation, doing
business as Canadian Pacific,

        Plaintiff,

v.                               **ORDER**

Werner Enterprises,

        Defendant.

    Timothy R. Thornton, Esq. and Briggs & Morgan, P.A., 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, counsel for plaintiff.

    Anthony J. Novak, Esq. and Larson King, LLP, 30 East Seventh Street, Suite 2800, St. Paul, MN 55101, counsel for defendant.

This matter is before the court upon the motion for summary judgment by plaintiff Soo Line Railroad d/b/a Canadian Pacific (CP). Based upon a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

This property-damage dispute arises out of the collision between a truck owned by defendant Werner Enterprises (Werner) and a train operated by CP. On March 31, 2012, nonparty Dale Buzzell drove a Werner truck north on U.S. Highway 59, near Plummer, Minnesota. Am. Answer ¶ 11. CP's railroad tracks cross Highway 59 near Plummer. Nagel Aff. Ex. A, at 0000559. The crossing is

marked with stop lines, crossing signals, cross bucks and other signals. Id. Ex. B, at 0000001-0000026.

Buzzell approached the crossing as a CP train traveled southeast on the tracks. Id. Ex. A, at 0000559. Buzzell's truck crashed into the ninth car of the train, a tanker carrying aromatic concentrate. Berzinski Aff. ¶ 6. The collision started a fire that engulfed Buzzell's truck, and Buzzell died at the scene. Nagel Aff. Ex. A, at 0000559-0000560. The collision also punctured the tanker, derailed several cars and caused aromatic concentrate to leak onto the tracks and surrounding ground. Id. at 0000559. Thereafter, CP funded and directed the reclamation efforts. See Compl. ¶¶ 17-23.

On May 3, 2012, CP filed suit, alleging that Werner is liable for the cleanup costs based on respondeat superior, vicarious liability and negligence. On July 13, 2012, prior to completion of discovery, CP moved for summary judgment. Thereafter, on August 16, 2012, CP amended its complaint to include allegations of nuisance and trespass. The court heard oral argument on September 28, 2012.[1]

---

[1] After the court heard oral argument, Werner submitted a supplemental affidavit and expert disclosure from Shannon Mackey-Bojack, a forensic and cardiovascular pathologist. Solheim Aff. Ex. A.

**DISCUSSION**

**I.  Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party.  See id. at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial.  See Celotex, 477 U.S. at 324.  A party asserting that a genuine dispute exists — or cannot exist — about a material fact must cite "particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).

**II.  Liability for Cleanup**

CP argues that Werner is vicariously liable for the accident under Minnesota Statutes § 169.09, which provides that "[w]henever any motor vehicle shall be operated ... by any person other than

3

the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof." Minn. Stat. § 169.09, subdiv. 5a. Specifically, CP argues that the collision was an "accident" covered by § 169.09, and that nothing more is required to impose liability on Werner. See Pluntz v. Farmington Ford-Mercury, Inc., 470 N.W.2d 709, 713 (Minn. Ct. App. 1991) (defining "accident" as "an event that takes place without one's foresight or expectation or an event which proceeds from an unknown cause" (citation and internal quotation marks omitted)). CP argues that Werner is liable regardless of whether Buzzell was negligent. See id. (holding that precursor statute to § 169.09 was "not restricted to negligence cases").

Although § 169.09 establishes an agency relationship between Buzzell and Werner, it does not, as a matter of course, impose liability. Instead, "a principal can be vicariously liable to a third party for the conduct of its agent *only* if the agent would be liable to the third party for that act." Remodeling Dimensions, Inc. v. Integrity Mut. Ins. Co., 819 N.W.2d 602, 614 (Minn. 2012) (citations omitted). As a result, there must be a finding of liability against Buzzell before § 169.09 imposes liability on Werner. See Pluntz, 470 N.W.2d at 711-12 (establishing driver

4

liability under strict liability trespass to trees statute, then imputing liability to owner). CP argues that such liability stems from (1) trespass, (2) negligence per se and (3) nuisance.

**A.　Trespass**

CP first argues that Werner is vicariously liable based on Buzzell's alleged trespass. Under Minnesota law, "a trespass is committed where a plaintiff has the right of possession to the land at issue and there is a wrongful and unlawful entry upon such possession by defendant." Johnson v. Paynesville Farmers Union Coop. Oil Co., 817 N.W.2d 693, 701 (Minn. 2012) (citations and internal quotation marks omitted). In other words, intent is required for trespass liability. See id. ("[T]he tort of trespass is committed when a person intentionally enters or causes direct and tangible entry upon the land in possession of another." (citation and internal quotation marks omitted)). In the present matter, Werner has put forth evidence from a forensic pathologist that "it is more likely than not that Buzzell was suffering from an acute cardiac event at the time of the collision with the train and that this sudden cardiac event is the cause of the truck-train collision." Solheim Aff. Ex. A, at ¶ 19. In other words, if Buzzell was deceased or unconscious at the time of the collision, he would have been acting without intent, and no trespass occurred. See, e.g., First City Nat'l Bank of Hou. v. Japhet, 390 S.W.2d 70, 75 (Tex. Civ. App. 1965) (finding no trespass liability if driver

5

"was unconscious or dead prior to leaving the roadway"). At this stage in the proceedings, a reasonable jury could conclude that Buzzell did not possess the requisite intent for trespass. Therefore, summary judgment on the trespass claim is not warranted.

**B. Negligence Per Se**

CP next argues that Buzzell was negligent per se based on his violation of traffic statutes. "Negligence per se is a form of ordinary negligence that results from violation of a statute." Seim v. Garavalia, 306 N.W.2d 806, 810 (Minn. 1981). CP argues that Buzzell was negligent per se when he violated Minnesota Statutes § 169.26, which provides that "when any person driving a vehicle approaches a railroad grade crossing ... the driver shall stop the vehicle not less than ten feet from the nearest railroad track and shall not proceed until safe to do so." Minn. Stat. § 169.26, subdiv. 1(a).

This argument, however, is contrary to the plain language of the traffic statutes, as violations "shall not be negligence per se but shall be prima facie evidence of negligence only." See Minn. Stat § 169.96(b); Wong v. Am. Family Mut. Ins. Co., 576 N.W.2d 742, 744 n.1 (Minn. 1998) ("The legislature explicitly changed [the per se negligence] standard as applied to traffic statutes."). In other words, even if CP could demonstrate a violation of the traffic statute, Werner would have an opportunity to adduce "evidence tending to show a reasonable ground for such violation."

6

Olson v. Duluth, M.&I.R. Ry. Co., 5 N.W.2d 492, 496 (Minn. 1942). At this stage in the proceedings, a reasonable jury could conclude that Buzzell had reasonable grounds for violating the traffic statute and that he has rebutted the presumption of negligence. Therefore, summary judgment for CP based on negligence per se is not warranted.

### C. Nuisance

CP next argues that Werner is liable because the collision created a nuisance. Under Minnesota law, "[a]nything which is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance." Minn. Stat. § 561.01.[2] CP argues that the spilled aromatic concentrate impaired its use and enjoyment of the railroad tracks.

To be liable in nuisance, a defendant must engage in "some kind of conduct ... which is wrongful." Highview N. Apartments v. Cnty. of Ramsey, 323 N.W.2d 65, 70-71 (Minn. 1982) (citation and

---

[2] It is unclear whether a single act or event, such as the collision, can constitute a nuisance. See Dorman v. Ames, 12 Minn. 451, 455 (1867) (noting that nuisance "differs from trespass, which is a single act"(citations omitted)); accord Sanders v. Norfolk S. Ry. Co., 400 F. App'x 726, 729 (4th Cir. 2010) (explaining, under South Carolina law, that "the accidental release of a large quantity of gasoline into a creek near the plaintiff's property was not a nuisance because the plaintiff alleged only a single isolated act of negligence, not continuous or recurrent" (citation and internal quotation marks omitted)). Even if nuisance can be predicated on a single event, however, summary judgment is not warranted, as a reasonable jury could find that Buzzell and Werner engaged in no wrongful conduct.

7

internal quotation marks omitted). Generally, to prove wrongful conduct, "a plaintiff must show [that] the defendant intentionally interfered with the use and enjoyment of the [plaintiff's] land." Fagerlie v. City of Willmar, 435 N.W.2d 641, 643 (Minn. Ct. App. 1989) (citation omitted). Wrongful conduct may also be shown, however, through "negligence, ultrahazardous activity, violation of a statute or some other tortious activity." Highview N. Apartments, 323 N.W.2d at 71 (citations omitted). At this stage in the proceedings, there is no evidence in the record to impose liability as a matter of law based on intentional interference, negligence or ultrahazardous activity.

CP argues, however, that Buzzell's alleged violation of § 169.26, the railroad right-of-way statute, provides the necessary wrongful conduct. See H. Christiansen & Sons v. City of Duluth, 31 N.W.2d 270, 275 (Minn. 1948) ("[A]n action based upon the violation of a statute may establish nuisance without negligence."). As already discussed, a violation of a traffic statute is excusable in some instances. See, e.g., Pouliot v. Fitzsimmons, 582 N.W.2d 221, 224 (Minn. 1998) ("[T]he jury was also instructed to consider whether there was 'reasonable excuse or justification' for the [traffic] violations."). At this stage in the proceeding, a reasonable jury could determine that there was no violation of the

8

traffic statutes, and thus, no wrongful conduct to create a nuisance. Therefore, summary judgment based on the nuisance claim is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for summary judgment [ECF No. 13] is denied.

Dated: January 28, 2013

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court