```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Civil No. 12-1089(DSD/JSM)
```

Soo Line Railroad Company,
a Minnesota corporation doing
business as Canadian Pacific,

        Plaintiff,

v.                                         **ORDER**

Werner Enterprises,

        Defendant.

This matter is before the court upon the objection by plaintiff Soo Line Railroad Company d/b/a Canadian Pacific (CP) to Magistrate Judge Janie S. Mayeron's June 4, 2013, order denying the motion for leave to amend the complaint. After a review of the report, and based on the file, record and proceedings herein, the court overrules the objection.

**BACKGROUND**

This property-damage dispute arises out of the collision between a truck owned by defendant Werner Enterprises (Werner) and a train operated by CP. The background of this matter is fully set forth in the court's previous orders, and the court summarizes only those facts relevant to resolving the present objection.

CP filed suit on May 3, 2012, seeking reimbursement from Werner for post-collision cleanup costs based on theories of respondeat superior, vicarious liability and negligence. The

magistrate judge issued a scheduling order establishing August 1, 2012, as the deadline for amendment to the pleadings. See ECF No. 12. CP moved to amend its complaint on August 1, 2012, and claims for nuisance and trespass were added on August 16, 2012. See ECF Nos. 16, 32. Thereafter, CP moved for summary judgment, and the court denied the motion on January 28, 2013. ECF No. 45.

On April 11, 2013, CP again moved to amend the complaint.[1] The magistrate judge denied the motion for leave to amend on June 4, 2013, finding that (1) CP failed to show good cause under Rule 16 for non-compliance with the court's scheduling order, (2) amendment would cause undue delay and prejudice to Werner under Rule 15 and (3) the proposed amendment was futile under Rule 15. CP objects.

**DISCUSSION**

**I. Standard of Review**

A district court ordinarily reviews a magistrate judge's denial of a motion to amend under a clearly erroneous or contrary to law standard.[2] See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P.

---

[1] CP seeks to add references to the Resource Conservation and Recovery Act (RCRA) in its nuisance and trespass claims and to the background section of the Amended Complaint. Specifically, CP alleges that Werner violated RCRA, and that such a violation provides the requisite wrongful conduct for its nuisance and trespass claims. See Pl.'s Mem. Supp. Mot. Amend 7-9, ECF No. 58.

[2] A motion to amend that is denied as futile, however, is
(continued...)

2

72(a); D. Minn. L.R. 72.2(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1995) (citations and internal quotation marks omitted). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (citations and internal quotation marks omitted).

**II. Motion for Leave to Amend**

CP objects to the magistrate judge's finding that leave to amend was improper under both Rule 16 and Rule 15 standards. The court examines both arguments.

**A. Rule 16**

Under Rule 16, a pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P.

---

(...continued)
subject to a de novo review. See U.S. ex rel. Joshi v. St. Luke's Hosp. Inc., 441 F.3d 552, 555-56 (8th Cir. 2006). Because the court finds that the magistrate judge did not commit clear error in denying the motion (1) under Rule 16 for non-compliance with the court's scheduling order or (2) under Rule 15 for undue delay and prejudice, it need not reach the futility analysis. See, e.g., In re. 2007 Novastar Fin. Inc., Sec. Litig., 579 F.3d 878, 884 (8th Cir. 2009) ("[W]e need not reach the question of futility here because we can affirm the ... denial of leave to amend on [an] alternate basis ...." (citation omitted)).

3

16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008) (citations and internal quotation marks omitted). The magistrate judge denied the motion for leave to amend under Rule 16, finding that CP was not diligent and had not shown good cause for its non-compliance with the scheduling order.

CP responds that good cause is present, as it moved to amend shortly after the court denied its motion for summary judgment. As the magistrate judge correctly noted, however, the current motion is not based on any newly-discovered evidence. Moreover, CP has not shown that the motion was unable to have been brought prior to the court's disposition of the motion for summary judgment. As a result, CP has not demonstrated that the magistrate judge committed clear error in denying the motion on Rule 16 grounds.

**B.  Rule 15**

CP next argues that amendment is proper under Rule 15. And although leave to amend under Rule 15 is liberally granted, it is not an absolute right, and "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment may be grounds to deny [the] motion." Doe v. Cassel, 403 F.3d 986, 991 (8th Cir. 2005) (citation and internal quotation marks omitted).

4

The magistrate judge also denied the motion to amend under Rule 15, finding that CP unduly delayed in seeking leave to amend and that amendment would unduly prejudice Werner. Specifically, the magistrate judge found that "CP's own unjustifiable lack of diligence and significant delay in bringing this motion ... created the prejudice." ECF No. 74, at 23. The magistrate judge further noted that the prejudice stemmed from the already-passed discovery deadlines. CP responds that no additional discovery would be required if amendment were allowed. Pl.'s Objection 11-12. Even if true, however, CP cannot show a valid reason for their undue delay. As a result, the court finds that CP has not demonstrated that the magistrate judge committed clear error in denying the motion for leave to amend. Therefore, the objection to the magistrate judge's order is overruled.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that plaintiff's objection [ECF No. 75] to the magistrate judge's order is overruled.

Dated: July 17, 2013

s/David S. Doty
David S. Doty, Judge
United States District Court