UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-1089(DSD/JSM)

Soo Line Railroad Company, a
Minnesota corporation doing
business as Canadian Pacific,

    Plaintiff,

v.    **ORDER**

Werner Enterprises,

    Defendant.

    Timothy R. Thornton, Esq. and Briggs & Morgan, PA, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, counsel for plaintiff.

    Mark A. Solheim, Esq. and Larson King, LLP, 30 East Seventh Street, Suite 2800, St. Paul, MN 55101, counsel for defendant.

This matter is before the court upon the motion to bifurcate by defendant Werner Enterprises (Werner). Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

This property-damage dispute arises out of a March 31, 2012, collision between a truck owned by Werner and a train operated by Soo Line Railroad Company, doing business as Canadian Pacific (CP). The background of this action is set out in the court's prior orders, and the court recites only those facts necessary to resolve the instant motion.

CP filed suit on May 3, 2012, seeking compensation for post-collision cleanup costs on theories of negligence, nuisance and trespass.  Werner later moved for summary judgment, arguing that the driver of its truck became incapacitated moments before colliding with the train.  The court granted the motion as to CP's nuisance and trespass claims but found that summary judgment was not warranted on the negligence claim.  See ECF No. 106.  Werner now moves to bifurcate this trial into two separate phases, one for liability and the other for damages.

## DISCUSSION

### I. Bifurcation Standard

"District courts possess broad discretion to bifurcate issues for purposes of trial." O'Dell v. Hercules, Inc., 904 F.2d 1194, 1201 (8th Cir. 1990).  The court may order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).  Additionally, the court considers the effect of bifurcation on "the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." O'Dell, 904 F.2d at 1202.  The moving party has the burden "to demonstrate that bifurcation would meet the objectives of the rule." Sobolik v. Briggs & Stratton Power Prods. Grp., LLC, No. 09-1785, 2011 WL 5374440, at *1 (D. Minn. Nov. 7, 2011).

2

### A.   Convenience

Werner first argues that separate trials will be more convenient because the liability and damages portion of this action are distinct and involve no evidentiary overlap. Bifurcation promotes convenience when separable issues are "substantially different" and when counsel, witnesses, parties and jurors will not "face two trials with repetitious testimony." ADT Sec. Servs., Inc. v. Swenson, No. 07-2983, 2011 WL 4396918, at *7 (D. Minn. Sept. 21, 2011) (citation omitted). Werner fails to establish how this proceeding is more complicated than other actions in which liability and damages evidence is presented in a single trial. The court finds that the interests of convenience do not weigh in favor of bifurcation.

### B.   Judicial Economy

Werner next argues that separate trials will promote efficiency because a jury verdict as to liability could preclude a complex trial on damages. Bifurcation advances judicial economy if it saves "considerable time and unnecessary expense and preparation" and "eliminate[s] the need for a future trial if one of the parties is successful." Keister v. Dow Chem. Co., 723 F. Supp. 117, 122 (E.D. Ark. 1989) (citing Beeck v. Aquaslide 'N' Dive Corp., 562 F.2d 537, 541 (8th Cir. 1977)).

This action commenced over two years ago, and the parties have spent significant time and resources litigating both liability and

damages. At this point, separate trials will only slightly impact preparation. Moreover, Werner argues the damages phase of this trial will be complex and lengthy, but does not adequately support its argument. Indeed, CP responds that its witnesses can testify over the course of a few hours. Werner fails to show that bifurcation will advance judicial economy.

### C.  Prejudice

Finally, Werner argues that a unified trial will cause undue prejudice. Specifically, Werner argues that the cleanup costs incurred by CP are extensive and, as a result, evidence offered as to damages may influence a jury decision on liability. Cases in which a jury could be unfairly influenced by sympathy "are appropriately suited for bifurcation." Marvin Lumber & Cedar Co. v. PPG Indus., Inc., No. 4-95-739, 2001 WL 228427, at *5 (D. Minn. Feb. 27, 2001). Nevertheless, the court is not convinced that separate trials are required. Negligence actions often involve damages issues that invoke sympathy. The court is confident that a jury will view the evidence presented without prejudice or confusion. Any risk to the contrary can be adequately addressed by jury instructions. See Sobolik, 2011 WL 5374440, at *1 (refusing to bifurcate where jury sympathy would not prevent an objective consideration of the evidence); i-Sys., Inc. v. Softwares, Inc., No. 02-1951, 2004 WL 742082, at *18 (D. Minn. Mar. 29, 2004)(noting that potential prejudice can be cured through jury instructions).

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to bifurcate [ECF No. 113] is denied.

Dated:  September 10, 2014

s/David S. Doty
David S. Doty, Judge
United States District Court
