UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                    Civil No. 12-1089(DSD/JSM)

Soo Line Railroad Company, a
Minnesota corporation, doing
business as Canadian Pacific,

        Plaintiff,

v.                                                    **ORDER**

Werner Enterprises,

        Defendant.

   Timothy R. Thornton, Esq. and Briggs & Morgan, P.A., 80
   South Eighth Street, Suite 2200, Minneapolis, MN 55402,
   counsel for plaintiff.

   Anthony J. Novak, Esq. and Larson King, LLP, 30 East
   Seventh Street, Suite 2800, St. Paul, MN 55101, counsel
   for defendant.


   This matter is before the court upon the motion for judgment as a matter of law or for a new trial by plaintiff Soo Line Railroad Company, doing business as Canadian Pacific. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.


                            **BACKGROUND**

   This property-damage dispute arises out of a March 31, 2012, collision between a truck owned by defendant Werner Enterprises (Werner) and a train operated by Canadian Pacific. The truck was driven by nonparty Dale Buzzell, an employee of Werner. Canadian Pacific filed suit on May 3, 2012, seeking compensation for post-

collision cleanup costs on state-law theories of negligence, nuisance, and trespass.  On March 31, 2014, the court granted summary judgment to Werner on the nuisance and trespass claims.  ECF No. 106.  At the same time, the court ruled that regulations under the Federal Motor Carrier Safety Act of 1984 (FMCSA) did not preempt Werner's state-law arguments rooted in the common-law doctrine of sudden incapacitation.  Id. at 4-6.

The remaining claims proceeded to a jury trial from October 14-21, 2014.  At trial, Werner offered testimony from medical experts that Buzzell suffered an acute cardiac event which rendered him incapacitated moments before colliding with the train.  After Werner rested, Canadian Pacific moved for judgment as a matter of law.[1]  The court took the motion under advisement.  On October 21, 2014, the jury returned a verdict in favor of Werner.  Canadian Pacific now renews its motion for judgment as a matter of law and in the alternative moves the court for a new trial.

**DISCUSSION**

**I.   Motion for Judgment as a Matter of Law**

Judgment as a matter of law is appropriate only when all of the evidence, viewed in a light most favorable to the prevailing party, "points one way and is susceptible of no reasonable

---

[1] Werner also moved for judgment as a matter of law after Canadian Pacific rested and before the jury returned its verdict.  The court denies those motions as moot.

inference sustaining [the prevailing party's] position." Racicky v. Farmland Indus., Inc., 328 F.3d 389, 393 (8th Cir. 2003). The court gives the jury's verdict substantial deference, but the jury cannot be afforded "the benefit of unreasonable inferences, or those at war with undisputed facts." McAnally v. Gildersleeve, 16 F.3d 1493, 1500 (8th Cir. 1994) (internal quotation marks omitted). The court must "assume as true all facts which the prevailing party's evidence tended to prove, ... and deny the motion, if in light of the foregoing, reasonable jurors could differ as to the conclusion that could be drawn from the evidence." Walsh v. Nat'l Computer Sys., Inc., 332 F.3d 1150, 1158 (8th Cir. 2003) (internal quotation marks omitted).

Canadian Pacific first argues that Werner failed to prove its sudden incapacitation theory by a preponderance of the evidence. The court disagrees. Having heard the expert testimony and observed the evidence presented at trial, the court is satisfied that there was sufficient evidence for the jury to find that Buzzell became incapacitated moments before hitting the train, and as a result, could not have avoided the accident. In particular, Dr. Mackey-Bojack and Dr. Koponen testified that they examined slides taken from Buzzell's heart, and that in their opinion those slides revealed an acute thrombus which cut off blood flow to

Buzzell's brain. Moreover, evidence presented at trial also supported a finding that Buzzell did not make any avoidance maneuvers before the collision.

Canadian Pacific also challenges the jury's determination that Buzzell was not negligent in failing to report fatigue to his DOT licensing physician and to Werner. Werner responds that the jury could have reasonably inferred that Buzzell did not experience any fatigue that would require reporting. At trial, Werner challenged medical records that listed Buzzell as experiencing fatigue. Specifically, Werner noted in part that DOT regulations only restrict drivers with sleep disorders, and that Buzzell's complaints of fatigue were either outdated or of minimal importance. Accepting as true the evidence presented by Werner, the court finds that the jury's determination was not the product of unreasonable inferences. As a result, Canadian Pacific is not entitled to judgment as a matter of law.

**II. Motion for New Trial**

The court shall grant a new trial "only if the verdict was against the great weight of the evidence" and doing so is necessary to "prevent a miscarriage of justice." Jacobs Mfg. Co. v. Sam Brown Co., 19 F.3d 1259, 1266 (8th Cir. 1994) (internal quotation marks omitted). A contrary standard "would destroy the role of the jury as the principal trier of the facts, and would enable the

4

trial judge to disregard the jury's verdict at will." White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992) (citation and internal quotations marks omitted).

Canadian Pacific first argues that a new trial is warranted because the court did not instruct the jury that a violation of the FMCSA constitutes negligence per se. "A district court has broad discretion in drafting jury instructions." Pittman v. Frazer, 129 F.3d 983, 987 (8th Cir. 1997). "In reviewing a substantive challenge to jury instructions, the pertinent query is whether the instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury." Horstmyer v. Black & Decker (U.S.), Inc., 151 F.3d 765, 771 (8th Cir. 1998) (internal quotation marks omitted).

Canadian Pacific requested that the court provide the following instruction: "Violation of a federal regulation is negligence per se, unless the violator proves by a preponderance of the evidence that the federal regulatory violation was an act of God."[2] The court declined and instead instructed the jury as

---

[2] Canadian Pacific proposed this instruction at the charge conference, after the deadline set by the court's pretrial order. See ECF No. 110, at 3 (requiring proposed instructions to be submitted two weeks before trial). Moreover, Canadian Pacific provides no explanation for why Werner should be limited to the "act of God" defense in showing excuse or justification. The court is not aware of any case providing such a limitation. See Restatement (Second) of Torts § 288A(2) (1965) (providing a non-
(continued...)

follows:

> Violation of a traffic law or regulation is negligence, unless there is evidence tending to show ... [t]he person had a reasonable excuse or justification for breaking the law .... The burden of showing an excuse or justification is upon the violator. However, the burden of proving negligence remains upon the party asserting that claim.

ECF No. 159, at 31. The court further instructed the jury that "[i]n order for Werner Enterprises to prove excuse or justification, it must show by a preponderance of the evidence that Dale Buzzell became suddenly incapacitated and could not have prevented the collision through the exercise of reasonable care." Id. at 21.

Under the doctrine of negligence per se, the violation of a statute or regulation "constitutes conclusive evidence of negligence unless [the violation is] excusable or justifiable under the circumstances of the case." Pigman v. Nott, 233 N.W.2d 287, 288 (Minn. 1975) (citation omitted). "The burden of proving excuse or justification is on the person violating the statute." Id. Under Minnesota law, however, violation of a traffic statute "shall not be negligence per se but shall be prima facie evidence of negligence only." Minn. Stat. § 169.96(b). As a result, one who violates a Minnesota traffic statute need only produce "evidence tending to show a reasonable ground for such violation." Olson v.

---

[2](...continued)
exhaustive list of excuses for statutory violations).

Duluth, M. & I.R. Ry. Co., 5 N.W.2d 492, 496 (Minn. 1942); see also Demmer v. Grunke, 42 N.W.2d 1, 5 (Minn. 1950) (explaining that the violator must produce evidence of justification, and when such evidence is presented, the opposing party maintains the burden of proof).

Canadian Pacific argues that the exception for Minnesota traffic statutes does not apply to a regulatory violation under the FMCSA. The court disagrees. The violation of a federal regulation constitutes negligence per se in some contexts and evidence of negligence in others. See Gray v. Badger Min. Corp., 676 N.W.2d 268, 275 (Minn. 2004) (discussing the effect of breaching a federal regulatory duty to warn). Indeed, Minnesota courts have previously declined to hold that a violation of FMCSA regulations is negligence per se, noting that it "would be anomalous to differentiate between traffic violations occurring under Minnesota law and those occurring under federal law." Ruhland v. Smith, Nos. C7-91-668, C4-91-675, 1991 WL 257962, at *3 (Minn. Ct. App. Dec. 10, 1991). As a result, the court properly rejected Canadian Pacific's proposed instruction.[3]

---

[3] Moreover, although the court's instruction did not use the phrase "negligence per se," it mirrored the substance of Canadian Pacific's request in many ways. For instance, the instruction placed the burden of proving excuse or justification upon Werner, rather that merely requiring Werner to produce evidence tending to show excuse or justification. ECF No. 159, at 31. As a result, Canadian Pacific fails to show how the court's instruction caused it prejudice. See Gasper v. Wal-Mart Stores, Inc., 270 F.3d 1196,
(continued...)

Canadian Pacific next reasserts arguments that the court disposed of on summary judgment.  Specifically, Canadian Pacific argues that a new trial is warranted because (1) the FMCSA preempts state-law standards of care, and as a result, does not permit non-compliance due to reasonable excuse or justification; and (2) the court committed error by not allowing the trespass and nuisance claims to be submitted to a jury.  As stated, these arguments were considered on summary judgment, and Canadian Pacific does not offer any compelling reason for the court to reconsider its previous decisions.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that Canadian Pacific's motion for judgment as a matter of law or for a new trial [ECF No. 166] is denied.

Dated:   January 20, 2015

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court

---

[3](...continued)
1200 (8th Cir. 2001) ("A new trial is granted only if any alleged error was prejudicial.").